UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-29 |
| WARREN B. TOLEDANO | SECTION "R" |

## ORDER AND REASONS

Warren Toledano moves for compassionate release.[1] The Government opposes the motion.[2] Because Toledano fails to demonstrate that he satisfies the exhaustion requirement, the Court denies the motion.

### I.   BACKGROUND

On March 1, 2000, Toledano pleaded guilty to three counts of bank robbery and assault or jeopardizing life during bank robbery in violation of Title 18, United States Code, Sections 2113(a) and 2113(d).[3] This Court sentenced him to 108 months' imprisonment, to be followed by 5 years' supervised release.[4] The Court further ordered that Toledano's sentence

---

[1]   *See* R. Doc. 16.
[2]   *See* R. Doc. 21.
[3]   *See* R. Doc. 14.
[4]   *See id.*

would run consecutively to a state sentence imposed by Louisiana's 24th Judicial District Court.[5]

Toledano represents that he began serving his federal sentence roughly one year ago when he was transferred from state to federal custody.[6] Consequently, Toledano has served less than twenty percent of his 108-month term of imprisonment.[7] He is incarcerated at Pollock FCI and has a projected release date of November 11, 2026.[8]

## II. DISCUSSION

Before a federal court will assess the merits of a motion for compassionate release, defendants must show "[they have] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582. The defendant bears the burden of demonstrating exhaustion. *See, e.g.*, *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at

---

[5] *See id.*
[6] *See* R. Doc. 35 at 3.
[7] *See* R. Doc. 14.
[8] *See* Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited October 12, 2020).

\*2 (E.D. La. July 15, 2020); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at \*2 (E.D. La. June 10, 2020).

The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). In addition, the Fifth Circuit held that the exhaustion requirement is a "mandatory claim-processing rule." *Id.* at 468. Like other mandatory-claim processing rules, the Court must enforce the rule if a party properly raises the issue. *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019) ("A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it."). Here, the Government argues that Toledano failed to comply with the exhaustion requirement, so the Court must enforce the rule.

This Court, and many others, have interpreted Section 3582 to mean the following: if a warden denies a defendant's request for compassionate release within thirty-days, the defendant must administratively appeal the warden's decision before coming to federal court. *See United States v. Ellis*, No. 13-286, 2020 WL 4050409, at \*2 (E.D. La. July 20, 2020); *see also United States v. Wills*, No. 09-0166, 2020 WL 5073663, at \* 3 (E.D. La. Aug. 26, 2020) ("For 'all administrative rights to appeal' to be 'fully exhausted,' in

3

compliance with the statute, the compassionate release prisoner must administratively appeal any decision by the warden regarding compassionate release."); *United States v. Delco*, No. 09-57, 2020 WL 4569670, at *4 (E.D. La. Aug. 7, 2020) ("[I]t is precisely because the warden denied [defendant's] request within 30 days after its submission that he has not exhausted his administrative remedies."); *United States v. Greenlove*, 2020 WL 3547069, at *3 (M.D. Pa. June 30, 2020) ("[I]f the warden responds to defendant's request within 30 days, then the defendant must exhaust all of his BOP administrative rights to appeal the warden's decision . . . ."); *United States v. Blevins*, No. 09-15, 2020 WL 3260098, at *3 (S.D. Miss. June 16, 2020) ("By failing to appeal the warden's decision to the Regional Director, [the defendant] has not fully exhausted his administrative rights and the [motion] must be denied."); *cf. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (writing that "BOP has not had thirty days to consider Raia's request to move for compassionate release" and so "there has been no adverse decision by BOP for Raia to administratively exhaust").

Toledano filed an initial request for compassionate release on April 15, 2020.[9] The warden denied Toledano's request on May 13, 2020.[10] Nothing

---

9     *See* R. Doc. 21-1 at 1.
10    *See id.* at 4.

4

in the record indicates that Toledano appealed the warden's decision. Toledano fails to show that he has exhausted his administrative remedies which creates a "glaring roadblock" to his motion for compassionate release. *Raia*, 954 F.3d at 597. Accordingly, the Court must dismiss his motion without prejudice. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (holding that dismissal without prejudice is appropriate when compassionate-release movants fail to exhaust administrative remedies).

In the alternative to his motion for compassionate release, Toledano asks this Court to recommend that the BOP predesignate him for home confinement.[11] The Court may recommend "that a sentence . . . be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration." *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993); *see also United States v. Casanova*, No. 14-0312, 2020 WL 5203407, at *2 (S.D. Cal. Sept. 1, 2020) ("Under 18 U.S.C. § 3624(c) . . . the Court may make a recommendation to the BOP that a defendant receive [home confinement], but it is not within the Court's purview to grant that adjustment . . . ."). A court may make its nonbinding recommendation at any time. *See United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

---

11    *See id.* at 1.

5

The Court declines to issue the recommendation that Toledano requests. The BOP has ample discretion to designate prisoners for a place of confinement, including home confinement, where applicable. For example, the BOP has the authority to place an inmate in home confinement during the last six months or ten percent of the inmate's sentence, whichever is shorter. *See* 18 U.S.C. § 3624. And under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281, 516 (2020), "the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" if "the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau." *Id.* The BOP, not this Court, is in the best position to consider whether present circumstances warrant home confinement for Toledano.

### III.  CONCLUSION

For the foregoing reasons, Toledano's motion for compassionate release is DISMISSED WITHOUT PREJUDICE, and his alternative motion for a recommendation for home confinement is DENIED.

New Orleans, Louisiana, this __16th__ day of October, 2020.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE