UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                               NO. 00-29

WARREN TOLEDANO                                  SECTION "R"

## ORDER AND REASONS

Before the Court is defendant Warren Toledano's motion for compassionate release and appointment of counsel.[1]  The Government opposes the motion to the extent Toledano seeks compassionate release.[2] For the following reasons, the Court denies defendant's motion.

## I.    BACKGROUND

On March 1, 2000, Toledano pleaded guilty to three counts of bank robbery and assault or jeopardizing life during bank robbery in violation of Title 18, United States Code, Sections 2113(a) and 2113(d).[3]  This Court sentenced him to 108 months' imprisonment, to be followed by 5 years'

---

[1]    R. Doc. 37.
[2]    R. Doc. 42.
[3]    *See* R. Doc. 14.

supervised release.[4]   The Court further ordered that Toledano's sentence would run consecutively to a state sentence imposed by Louisiana's 24th Judicial District Court.[5]   Toledano represents that he began serving his federal sentence in April of 2019, when he was transferred from state to federal custody.[6]   Consequently, Toledano has served less than fifty percent of his 108-month term of imprisonment.[7]   He is incarcerated at Oakdale FCI and has a projected release date of November 25, 2025.[8]

On August 27, 2020, defendant moved for compassionate release.[9] The Court denied defendant's motion without prejudice because he did not satisfy the statutory exhaustion requirement.[10]   Now, Toledano once again moves for compassionate release after filing a request with the Warden of Oakdale FCI.[11]   He contends that such release is warranted because he is 52 years old and suffers from high blood pressure and cholesterol, placing him

---

[4]     *See id.*
[5]     *See id.*
[6]     *See* R. Doc. 35 at 3.
[7]     *See* R. Doc. 14.
[8]     *See* Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited October 12, 2020).
[9]     R. Doc. 16.
[10]    R. Doc. 36.
[11]    R. Doc. 37.

at a higher risk for a fatal case of COVID-19.[12]   The Government opposes

defendant's motion.[13]   The Court considers the motion below.

## II.   DISCUSSION

Upon a prisoner's motion, a court may, after considering the

sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release

if it finds that "extraordinary and compelling reasons warrant such a

reduction."  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*,

993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an

inmate, rather than the BOP, the district court "is bound only by §

3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").[14]

In evaluating defendant's motion, the Court must first "consider[] the

factors set forth in section 3553(a) to the extent that they are applicable."  18

U.S.C. § 3582(c)(1)(A).  Here, the Court finds that the § 3553(a) factors do

---

[12]   R. Doc. 37-1 at 1.

[13]   R. Doc. 42.

[14]   The Court may grant a defendant's motion for compassionate release
only "after the defendant has fully exhausted all administrative rights
to appeal a failure of the Bureau of Prisons to bring a motion on the
defendant's behalf," or after 30 days have passed "from the recipient of
such a request by the warden of the defendant's facility, whichever is
earlier."  18 U.S.C. § 3582(c)(1)(A).  In this case, the Government does
not dispute that defendant has satisfied his exhaustion requirements
because he requested compassionate release from his warden more
than 30 days before filing this motion.  R. Doc. 42 at 8.

not support Toledano's release.  Specifically, the Court finds that the "history and characteristics of the defendant," and the "seriousness of the offense" militate against early release.  *See* 18 U.S.C. § 3553(a).  Specifically, defendant committed several bank robberies "with a dangerous weapon or device" in the past.[15]  Further, defendant had a prior criminal history, as he was on parole for armed robbery at the time he committed the bank robberies giving rise to his conviction.[16]

Additionally, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release.  18 U.S.C. § 3582(c)(1)(A)(i).  In support of his motion, defendant asserts that he is at high risk for death or serious illness if exposed to COVID-19 because he is 52 years old and suffers from hypertension and high cholesterol.[17]  The Court finds that defendant's health concerns, combined with his generalized fear of COVID-19, do not constitute "extraordinary [or] compelling reasons" warranting compassionate release.  The Centers for Disease Control and Prevention (CDC) lists "hypertension" as an underlying medical condition that *may* lead to an increased risk of severe illness if one were to contract

---

[15]     R. Doc. 14.
[16]     R. Doc. 42 at 4.
[17]     R. Doc. 37-1 at 1.

4

COVID-19.[18] But defendant's alleged hypertension is not a medical condition that makes his case "extraordinary." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (affirming the district court's denial of compassionate release for a defendant who suffered from hypertension, high cholesterol, and had previously suffered a stroke, noting that "nearly half of the adult population in the United States suffers from hypertension"). The same is true for high cholesterol, a condition shared by a large portion the adult population in the United States. *See United States v. Koons,* 455 F. Supp. 3d 285, 292 (W.D. La. 2020) (denying 60-year-old defendant's motion for compassionate release based on COVID-19 risks posed by hypertension and high cholesterol). And, the Court is not convinced that defendant's age places him at sufficient risk to warrant compassionate release. Courts have routinely denied similar motions by defendants over the age of 50, many of whom share the same comorbidities as defendant, and some of whom are materially older than defendant. *See, e.g.*, *id.; United States v. Clark*, 451 F. Supp. 3d 651, 657 (M.D. La. 2020) (denying the motion of a 67-year-old

---

[18]    Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions* (Aug. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html ("Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) *can make you more likely* to get severely ill from COVID-19.").

defendant with hypertension and high cholesterol); *United States v. Blevins*, No. 12-142, 2022 WL 3970060, at *6 (W.D. La. Aug. 30, 2022) (denying the motion of a 50-year-old defendant with hypertension and high cholesterol).

Further, the defendant has been vaccinated against COVID-19,[19] and the fact that he has contracted the disease twice without incident cuts against his assertions that he is at serious risk of a fatal case. Finally, to the extent that defendant raises a generalized fear of COVID-19, such a reason does not warrant compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *Wilfred*, 2020 WL 4365531, at *5 ("[Defendant] has alleged only general concerns that the fact of being in a carceral setting raises the risk of COVID-19 infection. Numerous courts have concluded that such broad allegations do not warrant a sentence reduction under § 3582."). The Court thus finds that compassionate release is not warranted on the basis of defendant's health concerns.

Defendant asserts that compassionate release is also warranted based on his exemplary behavior while he was incarcerated. He emphasizes that he completed programs on "Victims Awareness," "Substance Abuse," and

---

[19]    R. Doc. 37-1 at 1.

6

"Communication Skills," among others, and that he received a bachelor of arts degree from New Orleans Baptist Theological Seminary.[20]  He also represents that he serves as a mentor to many younger inmates in the reintegration housing unit who are "angry and confused about being imprisoned."[21]    While defendant's accomplishments are certainly commendable, he does not establish that good behavior during incarceration and educational achievements amount to extraordinary or compelling circumstances warranting compassionate release.

Lastly, the Court denies defendant's motion to appoint counsel.[22] There is no constitutional or statutory right to counsel beyond direct appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").  A Court may appoint counsel in a compassionate release proceeding if it finds doing so would be "in the interest of justice."  *United States v. Delco*, No. 09-57, 2020 WL 4569670, at * 2 (E.D. La. Aug. 7, 2020); *United States v. Mogan*, No. 14-40, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020); *cf. United States v. Moore*, 400 F. App'x 851, at *1 (5th Cir. 2010) ("There is no right to appointed counsel in a § 3582(c)(2) proceeding . . . . Moreover,

---

[20]   *Id.*
[21]   *Id.*
[22]   R. Doc. 37.

7

the interest of justice did not require the appointment of counsel."); *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (appointing counsel on appeal to argue unresolved questions of Fifth Circuit law). Because Toledano's motion does not involve complicated or unresolved issues, appointment of counsel would not serve the interests of justice.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release and appointment of counsel.

New Orleans, Louisiana, this   6th   day of April, 2023.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

8